UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JESUS GONZALEZ

      Plaintiff,

v.

LAGERTHA, LLC, d/b/a Black Sheep Coffee
PANERA, LLC, d/b/a Panera Bread, SF MARKETS, LLC,
d/b/a Sprouts Farmers Market, T-MOBILE SOUTH, LLC, and
GRP GROVE METRO STATION LLC,
d/b/a Grove Central Residences.

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, ("Plaintiff") sues Defendants, Lagertha, LLC, d/b/a Black Sheep Coffee, Panera Bread, LLC, d/b/a Panera Bread, SF Markets, LLC, d/b/a Sprouts Farmers Market, T-Mobile South, LLC, and GRP Grove Metro Station, LLC, d/b/a Grove Central Residences, ("Defendants") for injunctive relief pursuant to 42 U.S.C. §12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.      Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

**Page 1 of 16**

3.      Plaintiff, Jesus Gonzalez is an individual with disabilities as defined by the ADA, and resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4.      Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

5.      Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6.      Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are following the ADA/ADAAG.

7.      Defendant, Lagertha, LLC, is a Florida limited liability company that, upon information and belief, owns and/or operates the "Black Sheep Coffee," located at 2750 SW 27th Terrace, Suite 108, Miami, Florida 33133, within the Grove Central Residences, and which is the subject of this action. Defendant, Lagertha, LLC, is also referred to herein as "Lagertha," or collectively with all defendants as "Defendants."

8.      Defendant, Panera Bread, LLC, foreign limited liability company that, upon information and belief, owns and/or operates the "Panera Bread" located at 2750 SW 27th Terrace, Suite 112, Miami, Florida 33133, within the Grove Central Residences, and which is the subject of this action. Defendant, Panera Bread, LLC, is also referred to herein as "Panera Bread" or collectively with all defendants as "Defendants."

9.      Defendant, SF Markets, LLC, a foreign limited liability company that, upon information and belief, owns and/or operates the "Sprouts Farmers Market," located at 2750 SW 27th Terrace, Suite 102, Miami, Florida 33133, within the Grove Central Residences, and which is the subject of this action. Defendant, SF Markets, LLC, is also referred to herein as "SF Markets" or collectively with all defendants as "Defendants."

10.     Defendant, T-Mobile South, LLC, foreign limited liability company that, upon information and belief, owns and/or operates the "T-Mobile Experience Store" located at 2750 SW 27th Terrace, Suite 110, Miami, Florida 33133, within the Grove Central Residences, and which is the subject of this action. Defendant, T-Mobile South, LLC, is also referred to herein as "T-Mobile South" or collectively with all defendants as "Defendants."

11.     Defendant, GRP Grove Metro Station, LLC, a foreign limited liability company that, upon information and belief, owns and/or operates the commercial property identified as Folio No. 01-4116-117-0010, with a physical address of 2750 SW 27 Terrace, Miami, Florida 33133, which is built as a multi-tenant commercial shopping center and retail plaza, known as Grove Central Residences, the subject of this action and referenced herein as "Grove Central Residences" or "Commercial Property". Defendant, GRP Grove Metro Station, LLC, is referenced herein as "Owner," or collectively with all defendants as "Defendants".

12.     This Court has personal jurisdiction over Defendants, Panera Bread, LLC, SF Markets, LLC, T-Mobile South, LLC, and GRP Grove Metro Station, LLC, pursuant to Florida's long-arm statute, Fla. Stat. § 48.193, because Defendants operate, conduct, engage in, and carry on business within the State of Florida, including within this judicial district, for pecuniary benefit through the operation of their respective businesses.

13. The exercise of personal jurisdiction over Defendants further satisfies the requirements of due process. Defendants have purposefully availed themselves of the privileges of conducting business in Florida through the ownership and/or operation of their respective businesses in connection with the Commercial Property, which is the subject of this action and located within this District. This action arises directly from Defendants' business activities in Florida and from the operation of places of public accommodation at the Grove Central Residences. Therefore, it is fair and reasonable to require Defendants to defend this case in Florida.

## FACTS

14. Defendant, Lagertha, LLC, is the owner and operator of Black Sheep Coffee, an establishment serving food or drink located at 2750 SW 27th Terrace, Suite 108, Miami, Florida 33133, open to the public, a place of public accommodation subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181(7), 12182, and its implementing regulations, 28 C.F.R. § 36.104.

15. Defendant, Panera Bread, LLC, is the owner and operator of Panera Bread, an establishment serving food or drink located at 2750 SW 27th Terrace, Suite 112, Miami, Florida 33133, open to the public, a place of public accommodation subject to Title III of the ADA, 42 U.S.C. §§ 12181(7), 12182, and 28 C.F.R. § 36.104.

16. Defendant, SF Markets, LLC, owns and/or operates Sprouts Farmers Market, a retail establishment located at 2750 SW 27th Terrace, Suite 102, Miami, Florida 33133, open to the public, a place of public accommodation subject to Title III of the ADA, 42 U.S.C. §§ 12181(7), 12182, and 28 C.F.R. § 36.104.

17.     Defendant, T-Mobile South, LLC, is the owner and operator of the T-Mobile Experience Store, a sales establishment located at 2750 SW 27th Terrace, Suite 110, Miami, Florida 33133, open to the public, a place of public accommodation subject to Title III of the ADA, 42 U.S.C. §§ 12181(7), 12182, and 28 C.F.R. § 36.104.

18.     As private entities that own, lease, and/or operate businesses open to the public, Defendants Lagertha, LLC, Panera Bread, LLC, SF Markets, LLC, and T-Mobile South, LLC are each a "public accommodation" within the meaning of 42 U.S.C. §§ 12181(7), 12182, and 28 C.F.R. § 36.104, and are subject to the requirements of Title III of the ADA and its implementing regulations.

19.     At all times material hereto, Defendant, GRP Grove Metro Station, LLC, has owned and/or leased the "Grove Central Residences" commercial property located at, 2750 SW 27th Terrace, Miami, Florida 33133, to Defendants Lagertha, LLC, Panera Bread, LLC, SF Markets, LLC, and T-Mobile South, LLC, each of whom operates its respective place of public accommodation within the subject premises.

20.     On March 5, 2025, November 4, 2025, November 12, 2025, November 13, 2025, and December 10, 2025. Plaintiff personally visited the Commercial Property to inquire and/or use of the services of the tenants' businesses, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, and encountered multiple violations of the ADA that directly affected his ability to use and/or access the Commercial Property and businesses therein, (including the related parking lots and common areas), and has definite plans to return to the Commercial Property within six (6) weeks of the filing of this Complaint in order to avail himself of the services offered to the public at the Commercial Property, if it becomes accessible.

21.     Plaintiff has encountered architectural barriers at the Commercial Property that violate Title III of the ADA. These barriers have denied and/or deterred Plaintiff from full and equal access to the Commercial Property and to the tenants' businesses located therein, and have endangered his safety. The access barriers described below have caused Plaintiff injury, including difficulty of access, embarrassment, discomfort, and a heightened risk of physical harm.

22.     As a result of these access barriers, Plaintiff has been denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants Lagertha, LLC, Panera Bread, LLC, SF Markets, LLC, and T-Mobile South, LLC, as operators of places of public accommodation, and by Defendant GRP Grove Metro Station, LLC, as the owner and/or lessor of the Commercial Property.

23.     Defendants own, lease, and/or operate a place of public accommodation within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181(7), and its implementing regulations, including 28 C.F.R. §§ 36.104 and 36.201(a). Grove Central Residences, the commercial property subject of this action, and the individual tenant establishments located therein, constitute a place of public accommodation. Accordingly, Defendants are each responsible for complying with the applicable requirements and obligations imposed by Title III of the ADA.

24.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property, including, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the

commercial property and businesses therein which are open to the public and in violation of the ADA.

25.     As owners, lessors, and/or operators of a place of public accommodation, Defendants are subject to the requirements of Title III of the ADA and are obligated to provide individuals with disabilities full and equal access to their facilities in accordance with 28 C.F.R. Part 36. Despite this obligation, Defendants have failed to remove architectural barriers and/or make reasonable modifications necessary to afford mobility-impaired patrons' equal access to the facility. Such failure constitutes discrimination under the ADA, including but not limited to 28 C.F.R. § 36.302.

26.     As a result of Defendants' conduct, Plaintiff has suffered injury-in-fact, including loss of dignity, frustration, humiliation, mental anguish, and the denial of full and equal access guaranteed by federal law.

27.     Plaintiff desires to visit the Grove Central Residences commercial property not only to avail himself of the goods and services available, but to also assure himself that this commercial property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination, but is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers within that restaurant which are in violation of the ADA.

28.     All requisite notice has been provided.

29.     Plaintiff has been obliged to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

30. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

31. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

32. Prior to the filing of this lawsuit, Plaintiff personally visited the Grove Central Residences commercial property with the intention of patronizing and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who uses a wheelchair for mobility, Plaintiff met barriers to access the goods and services offered by Defendant's at the Grove Central Residences commercial property and businesses therein. Therefore, Plaintiff has suffered an injury in fact.

33. Defendants, Lagertha, LLC, d/b/a Black Sheep Coffee, Panera Bread, LLC, Panera Bread, LLC, d/b/a Panera Bread, SF Markets, LLC, d/b/a Sprouts Farmers Market, T-Mobile South, LLC, and GRP Grove Metro Station, LLC, d/b/a Grove Central Residences have discriminated (and continue to discriminate) against Plaintiff by denying him access to, and full

and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at its Central Residences commercial property and businesses thereon, in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access under 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

34.     Plaintiff has been unable to, and remains unable to, enjoy full and equal safe access to, and the benefits of, all the accommodation and services offered at the "Black Sheep Coffee", "Panera Bread", "Sprouts Farmers Market", and the "T-Mobile Experience Store" establishments.

35.     Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

36.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

37.     Defendants, are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and all Defendants, Defendants, Lagertha, LLC, d/b/a Black Sheep Coffee, Panera Bread, LLC, Panera Bread, LLC, d/b/a Panera Bread, SF Markets, LLC, d/b/a Sprouts Farmers Market, T-Mobile South, LLC, (operators), and Defendant, GRP Grove Metro Station, LLC, d/b/a Grove Central Residences (owner of the commercial property) (jointly and severally),

are severally discriminating against the Plaintiff as a result of *inter alia*, including, but not limited to the following violations:

### Sprouts Farmers Market, - Suite 102

#### Public Restroom – Men's Accessible Restroom – General Area

i.   The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

#### Men's Accessible Restroom – Accessible Stall

iii. The plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff could not locked the restroom without assistance, as it is not mounted at the required height. Violation: Locking hardware is not mounted in accordance with Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The plaintiff could not use the seat cover dispenser without assistance. It is mounted behind the water closet. Violation: The seat cover is mounted behind the water closet not proving the required clear floor space violating Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. Violation: The seat cover dispenser is mounted over the rear wall grab bar at the wrong height not providing the required clearance. Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted at a non-compliant distance from the side wall. Violation: Water closet rear wall

grab bar is mounted at a non-compliant distance from centerline of the water closet to the centerline of its inner flange. Sections 4.16.4 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted too high. Violation: Water closet rear wall grab bar is mounted at a non-compliant height above the finished floor to the top of the gripping surface. Sections 4.16.4 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted too high. Violation: Water closet side wall grab bar is mounted at a non-compliant height above the finished floor to the top of the gripping surface. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

## Black Sheep Coffee – Suite 108

### Exterior Seating Area

i. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

### Public Restroom – Unisex Accessible Restroom – Right

iii. The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   Hand dryer protrudes from the wall, projecting 6.5" from back wall, and is mounted at 45" above the finished floor to its bottom leading edge violating Section 4.1.1 of the ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The plaintiff could not locked the restroom without assistance, as it is not mounted at the required height. Violation: Locking hardware is not mounted in accordance with Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

x.   The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. Violation: Water closet side wall grab bar is mounted at a non-compliant distance from the rear wall to the centerline of its outer flange. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restroom – Unisex Accessible Restroom – Left**

xi.   The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.   The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii.   The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv.   Hand dryer protrudes from the wall, projecting 6.5" from back wall violating Section 4.1.1 of the ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xv.   The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xvi.   The plaintiff could not lock the restroom without assistance, as it is not mounted at the required height. Violation: Locking hardware is not mounted in accordance with Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xvii.   The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. Violation: Water closet side wall grab bar is mounted at a non-compliant distance from the rear wall to the centerline of its outer flange. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xviii.   The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted at a non-compliant distance from the side wall. Violation: Water closet rear wall grab bar is mounted at a non-compliant distance from centerline of the water closet to the centerline of its inner flange. Sections 4.16.4 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xix.   The plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**T-Mobile Experience Store – Suite 110**

**Public Restroom – Unisex Accessible Restroom**

i. The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff could not use the toilet without assistance, as it is mounted outside the required distance from the side wall. Violation: Water closet is mounted in a non-compliant distance from the sidewall. Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff had difficulty opening the door, as the trash bin is encroaching the maneuvering clearance on the door. Violation: Trash bin encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

v. The plaintiff had difficulty opening the door, as the cabinet is encroaching the maneuvering clearance on the door. Violation: Cabinet encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

vi. The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff could not use the soap dispenser without assistance, as it is not mounted at the required location. Violation: The soap dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Panera Bready- Suite 112**

### Exterior Seating Area

i.  The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

### Public Restroom – Unisex Accessible Restroom

ii.  The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The plaintiff could not lock the restroom without assistance, as it is not mounted at the required height. Violation: Locking hardware is not mounted in accordance with Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

38.  Plaintiff believes that an inspection of the subject property will reveal additional violations of the Americans with Disabilities Act ("ADA"). Pursuant to 42 U.S.C. § 12101 *et seq.* and the implementing regulations, including 28 C.F.R. § 36.304, Defendants are required to remove architectural barriers and ensure that their individual establishments and commercial spaces located within Grove Central Residences, at 2750 SW 27th Terrace, Miami, FL 33133,

are readily accessible to and usable by individuals with disabilities. These obligations have been in effect since January 26, 1992. Defendants have failed to comply with these requirements.

39.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the Grove Central Residences commercial property and establishments therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby respectfully moves this Court to enter a judgment against Defendants, Lagertha, LLC, d/b/a Black Sheep Coffee, Panera Bread, LLC, Panera Bread, LLC, d/b/a Panera Bread, SF Markets, LLC, d/b/a Sprouts Farmers Market, T-Mobile South, LLC, and GRP Grove Metro Station, LLC, d/b/a Grove Central Residences and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize the policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and place of public accommodation located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this March 12, 2026.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
**J. COURTNEY CUNNINGHAM, PLLC.**
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com